UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON ALMOND

      Plaintiff,

v.

S. CLINE, et al.,

      Defendants.

_____/

CASE No. 1:18-cv-641

HON. ROBERT J. JONKER

## **ORDER**

### INTRODUCTION

This is a prisoner civil rights lawsuit. On February 14, 2020, Magistrate Judge Kent filed a Report and Recommendation that recommended the Court grant Defendants Cline and Knack's motion for summary judgment. (ECF No. 17).[1] Objections were due within 14 days after service of the report. The Magistrate Judge later denied Plaintiff an extension of time within which to file objections. Objections were therefore due no later than March 6, 2020. (ECF No. 19). On March 10, 2020, with no objections having been filed, the Court entered an Order and Judgment approving and adopting the Report and Recommendation. (ECF Nos. 20, 21).

On March 12, 2020, the Clerk of Court docketed an Objection to the Report and Recommendation. (ECF No. 22). The Objection was signed on March 6, 2020, and was postmarked on March 10. (*Id.*). On March 23, 2020, Plaintiff filed a motion to reconsider the

---

[1] All other Defendants were dismissed by a screening order conducted under 28 U.S.C. § 1915(e)(2). (ECF Nos. 4, 5).

Court's Order adopting the Report and Recommendation. (ECF No. 25). Plaintiff asks the Court to consider his objections which he says are timely under the prison mailbox rule. (*Id.*).

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Under the prison mailbox rule, a *pro se* prisoner plaintiff's motion is usually considered as filed at the time he or she "delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's motion for reconsideration correctly analyzes the timing issue and submits documentation that demonstrates he complied with the prison mailbox rule for the timely filing of objections. Applying the prison mailbox rule, the Court considers Plaintiff's Objections as filed on March 6, 2020. They are, therefore, timely filed. For this reason the Court grants Plaintiff's motion for reconsideration to the extent it seeks consideration of his Objections; vacates the March 10, 2020 Order adopting the Report and Recommendation; and proceeds to review Plaintiff's objections.[2] But based on a de novo review of the record, the Court finds no merit in Plaintiff's objections, and so the Court affirms its previous order adopting the Magistrate Judge's recommended disposition.

## PLAINTIFF'S OBJECTIONS FAIL ON A DE NOVO REVIEW

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 17) and Plaintiff's Objection to the Report and Recommendation (ECF No. 22). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT,

---

[2] Because Plaintiff has filed Objections, which the Court is now considering as timely filed, Plaintiff's objection to the Magistrate's order denying an extension of time to object (ECF No. 24) is dismissed as moot.

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

Plaintiff's Objection raises several arguments, none of which disturb the Magistrate Judge's analysis. He claims, first of all, that the Magistrate Judge erred in considering Defendants' motion for summary judgment in the first place since, as the Magistrate Judge himself observed, the motion for summary judgment did not comply with this District's local rules. W.D. Mich. LCivR.7.1(a) requires a moving party to separately file a supporting brief. In this case, however, Defendants filed a single motion and brief. The Court finds that the Magistrate Judge did not err in considering the motion and failing to impose any type of sanction based upon Defendants' technical violation of the local rules. The motion complied with the local rules in all other respects, and clearly set out the contested legal issues. Plaintiff himself did not quibble with the issue in his brief in response (ECF No. 12) and he appears to have raised the issue only after the Magistrate Judge identified it in the Report and Recommendation. On this record, the Court sees no reason to reject the Report and Recommendation.

In the main, Plaintiff objects to the Magistrate Judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's claim that he had a First Amendment right to request reclassification, and that his refusal to be reclassified for a new work assignment was protected conduct. As the Magistrate Judge observed, courts in this district have considered, and rejected, similar arguments. *See Vanzant v. Oja*, No. 2:10-cv-71, 2010 WL 4553655 (W.D. Mich. Nov. 3, 2010) (Bell, J.) ("Plaintiff was placed on unemployable status because he refused a work assignment. Such an action does not constitute protected conduct. Therefore Plaintiff's retaliation claim is properly dismissed.").

The reasoning in *Vanzant* would appear to preclude Plaintiff from proceeding on his retaliation claim. But Plaintiff contends his case is different because he lost his job in food services based on an assertion that was not true; namely, that he had not stolen food while on the job. And for this reason he claims that the Magistrate's Report and Recommendation is factually wrong. But this is not what the Magistrate Judge found. Instead, the Magistrate Judge stated that Plaintiff was "charged with a Class II misconduct for theft of food, was not permitted to work after the charge, was found guilty of a different Class III misconduct related to the food, and then refused to be re-classified for a new work assignment." (ECF No. 17, PageID.165). This is an accurate summary of the undisputed materials of record, including those records submitted by Plaintiff.[3] Plaintiff was charged with a Class II misconduct for theft of food. (ECF No. 12-1, PageID.104). He was found guilty of a different Class III offense, namely possession of contraband. (*Id.* at PageID.105). And Plaintiff refused to be reclassified. (Compl. ¶ 27, ECF No. 1, PageID.5).

---

[3] Plaintiff argues the Magistrate Judge failed to mention his affidavit. But there is no requirement that a Magistrate Judge expressly discuss all matters of record. Plaintiff's affidavit, furthermore, does not quibble with the factual record and contains only conclusory assertions regarding the Defendants' motion. (*See generally* ECF No. 13).

4

Plaintiff objects that under prison policy, Defendants had no authority to reclassify him because he could only be reclassified if he agreed to. In its screening opinion, the Court indicated that it would be difficult for Plaintiff to support this claim:

> [T]he whole premise of Plaintiff's reclassification retaliation theory rests on the premise that Defendants had no power to reclassify him unless he asked for it. But here MDOC policy, on its face, allows for reclassification when a prisoner lost an earlier job classification because of "behavior related to that assignment." Regardless of whether Plaintiff's misconduct was Class II or Class III, it involved a food service onion and was, therefore, "related to" the classification. Moreover, the classification policy does not by its own terms, or by constitutional principles of due process, limit the MDOC's ability to reclassify for other reasons. By allowing a prisoner to turn his misreading of the classification policy into the basis of a retaliation claim, the Court risks undermining the MDOC's ability to manage prisoner classification. And that is inconsistent with a prisoner's status of such.

(ECF No. 4, PageID.36).

The misconduct report documents Plaintiff's contention that the onion he possessed—and which supplied the basis for the misconduct ticket—came from the facility's garden, not from food services. (ECF No. 12-1, PageID.105). Adopting this contention for purposes of Rule 56 review, and assuming that the possession of a garden vegetable would not be "related to" Plaintiff's food service assignment, the Court nevertheless agrees with the Magistrate Judge's observation that it is "clear from the balance of the Policy Directive that it is the MDOC, not the prisoner, who controls the reclassification process." (ECF No. 17, PageID.174). This is bolstered by the language of the policy directive itself, MDOC Policy Directive 05.01.100 ¶K (eff. Oct. 1, 2017) that states "[a] prisoner may be reclassified for any number of reasons." This broad discretion is in line with the policies and rationale justifying MDOC's ability to manage prisoner classification Plaintiff may not have been found guilty of the Class II misconduct, but he was still found guilty of a Class III misconduct related to the same underlying events.

For all these reasons, the Court agrees on de novo review with the Magistrate Judge's conclusion that Plaintiff's retaliation claim fails.  And because Plaintiff cannot establish his civil rights were violated, his claim that Defendants conspired to retaliate against him fails too.  *See Ash v. Boone County, Kentucky*, No. CIV.A 09-190-DLB, 2011 WL 4431820, at *6 n.6 (E.D. Ky. Sept. 22, 2011).  Accordingly, the Court agrees with the Magistrate Judge that Defendants are entitled to summary judgment and that this case should be dismissed.[4]

## CONCLUSION

The Court can certainly understand why Plaintiff would be upset to lose a job in food service when the charge of theft of an item was later reduced to that of possession of contraband if, as he says, the contraband was unconnected to his work assignment.  But Plaintiff nevertheless was found guilty on a misconduct ticket and MDOC policy gives corrections officers wide latitude in governing work assignments.  Plaintiff's failure to participate in the reclassification process, furthermore, was not protected conduct.  Defendants are, therefore, entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED:**

1. The Court's March 10, 2020 Order (ECF No. 20) is **VACATED.**

2. Plaintiff's Objection to the Magistrate's Order Denying Extension (ECF No. 24) is **DISMISSED AS MOOT.**

3. Plaintiff's Motion for Reconsideration (ECF No. 25) is **GRANTED** to the extent specified in this Order.

---

[4] The Court also agrees with the Magistrate Judge that Defendants are entitled to summary judgment based on qualified immunity, a recommendation that Plaintiff does not touch on in his objections.  The Court agrees because it was not clearly established that a "right to refuse" to participate in the reclassification process is protected conduct.

4. The Report and Recommendation of the Magistrate Judge (ECF No. 17) is **APPROVED and ADOPTED** as the Opinion of the Court following a de novo review.

5. This action is terminated.   An amended judgment shall enter.

Dated:   February 23, 2021            /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       CHIEF UNITED STATES DISTRICT JUDGE